Chief Justice Robertson
delivered the Opinion of the Court.
Moon and Taylor, claiming to be co-partners with Story, in a clothing store in Louisville, filed a bill in Chancery against him, charging that they had famished, in equal proportions, the whole capital stock, to wit: goods of the value, at the prime cost, of six thousand dollars; and agreed, in consideration of his skill and experience as a manager and salesman, to allow him, for his services in superintending the establishment, one third of the profits,. after deducting legal interest for the loan to him of the use or credit of one third of the joint stock advanced by them. That, after they had been in business, under that contract, for about four months, he had, without cause, forcibly ejected Taylor, alleging that he had no interest in the concern, and had also threatened violence to Moon, arrogating to himself the exclusive control of the store, and, in other respects, misbehaving himself,. greatly to their prejudice; — and therefore praying for an account, and a dissolution,, and for other intermediate. and precautionary relief.
Story, in his answer, admitted a partnership with Moon, and the ejection of Taylor, and assented to a dissolution; but denied that Taylor was a partner; insisted that he himself was Moon’s only partner, and alleged that he had contributed fourteen- hundred dollars of the capital stock, and, by the contract of association, was entitled to one half of the proceeds of the partnership business, without any liability for any interest.
Afterwards, on a supplemental bill, which was never answered, Story was compelled to give sufficient security for the stock on hand and the debts alleged to be due the *332 firm; and, after further preparation, and delay for several succeeding terms, the Circuit Court dissolved the partnership; and, having ascertained that the stock of goods on hand was worth, at the prime cost, six thousand six hundred and twenty dollars,- ninety four cents, decreed that Story should pay to Moon and Taylor, nine thousand three hundred and thirty seven dollars, fifty six cents, to be equally .divided between them. Story now insists on a reversal of that decree on various grounds:
Objections to decree, as grounds for reversal.
A and B file a bill, alleging that they are partners in trade with C; praying a dissolution, settlement,§-c. C, by bis answer, denies that B was one of the partners. But A and B finally obtain a decree against him, for a large sum, in their favor jointly. The question whether B was, in fact, a partner, is not material in this controversy. It is a matter between him andB, which does not affect the extent of C’s liability;; and he cannot avail himself of any error in deciding it.
*332 First — that the Circuit Court erred in deciding, without the intervention of a jury, that Taylor was a partner.
Second — that it was erroneous to charge him with all the debts alleged to be due to the firm;' and also erroneous not to have an account taken of the debts due by the firm, and make some provision for their payment out of the joint funds.
Third — that it was improper to decree against him a gross sum, instead of taking an account, and making a distribution of the partnership funds, or of their avails; and
Fourth — that, in any event, the amount decreed is exorbitant, and was unauthorized by the facts exhibited in the record.
In noticing these objections, in their numerical order, we shall, with as much brevity as may be consistent with perspicuity, consider all the facts and principles which can be entitled to airy material influence on the merits of the controversy.
First. After a thorough and careful analysis of all the facts, considered in connection with the allegations- and responses of the parties, we are perfectly satisfied, that Story did not contribute one cent to the capital stock, and that, by the contract of association, he is entitled to only one third of the profits, abating six per cent. interest on one third of the stock; and-, of course, it is immaterial to him, whether the two thirds and a fraction, to which he has no pretence of title, be allotted to Moon alone, or to Taylor and Moon jointly or in equal proportions; and consequently, in this aspect of the case, it is altogether and clearly immaterial to him, whether Taylor was a partner or not; because his own interest is not *333 enlarged by the fact that Taylor was not a partner, nor diminished by the fact that he was a partner. Whether he was a parner or not, is a question which concerns Moon, but not Story. If he was not a partner, Moon alone has been prejudiced by the decision that he was a partner; but Moon certainly had a right to concede to him a portion of his own interest, even if he was not a partner, and, the interest of Story not being thereby affected, he has no right to object; and, consequently, he could have no cause to complain, because a jury was not empannelled to ascertain whether Taylor was a partner or not.
A question, in chancery,whether parties were partners or not, may be submitted tp a jury; but it is perfectly competent, and most usual, for the Chancellor to decide it for himself.
Of the second objection, supra.
Where a supplemental bill has been recognized and acted on by the parties in court, it will be considered as having been duly filed, though the filing was not entered of record at the time.
But it is not indispensable, that a jury should, in any suit in chancery, try a controverted question of partnership; and the loose dicta to the contrary, are inconsistent with reason and analogy, and have been disregarded in practice, and overruled by authority. It is not more necessary to have a jury to try an issue as to the existence of a partnership, than any other fact controverted in a suit in Chancery. Wherever the Judge in Equity prefers that a jury should ascertain whether there is a partnership or not, he may submit the question to such a tribunal. But it is never his duty to do so. He may always decide the fact without the intervention of a jury; and such, in modern practice, is the more usual course. The first objection is therefore untenable.
Second. But the second objection cannot well be resisted. The counsel for the appellees have endeavored to repel this, as well as the third and fourth objections to the decree, by insisting that the allegations in the supplemental bill, when taken for confessed, furnished sufficient data for the decree, and rendered any further enquiry or proceeding unnecessary. And this argument involves two questions: — First—was it proper to take the supplemental bill for confessed? and second — by taking it for confessed, was enough admitted to sustain the decree as rendered? The first question should be answered in the affirmative. Though the filing of the supplement was not noted on the order book by a formal entry, yet it was recognized and acted on, by the Court, and by both parties, in open court, and this, being shown *334 by the order book, is sufficient record evidence of the fact that it had been filed in court, and that the appeV lant knew it; and consequently as a sufficient time elapsed, from the term when such notice was taken of the supplement, to that at which it was taken for confessed, and there had been no offer to answer it until after the hearing of the case on its merits, the Court had a right to consider its allegations as confessed, as far as they were material, and had not, in effect, been responded to in the answer to the original bill.
It is improper to oioe ^artmn-'^in favor of the rest, of the stock and debts,even when he holds them all in his own ex-elusive possession — unless it appears that the partnership^ has been settled up, effects converted into money.
Each partner has stock°tothseecure him against the joint liabilities. As between them selves, neither partner is bound to pay more than debts^and^snot6 in general, sepabl^for debts dné to, or property dissolution #c. should^be^final and complete; there^houkl bea. receiver appointed, to sell the stock on hand, collect the debts, and settle all demands upon the firm; and finally, a decree, in personam, against any def’t who may have more than his share of the funds in his hands, so as to produce a just division, pelóse the concern.
*334 But still we are of the opinion, that enough to author*, ize the decree did not appear.
The supplemental bill did not allege, that all the debts due to the firm had been collected by the appellant; and? although it suggested, that the books had been defaced, by him, it did not even intimate that the defacement or mutilation had been such as to destroy all evidence of , debts which the books had contained; nor did it allege,, t¡iat ^he appellant had disposed of all the partnership , . rr , / . . \ , stock ot goods, nor that the firm owed no debts; and ^ie original bill had alleged that it was indebted. It is evi-. dent, therefore, that the allegations of the supplemental hill did not authorize such a decree as that which was rendered.
Each partner has a lien on the joint stock, for securing the payment of all joint liabilities; and, inter se, neither is liable for more than his rateable proportion of debts, or , , , . 1 L . , chargeable, without his consent, or some other special cause with the debts due to the firm, or with the stock on . J hand, at the period of dissolution. And when a Court of Equity dissolves a partnership, it should settle, as between the partners, all their mutual rights and liabilities, and should not, in that respect,leave them to future litigation or contingency. But the decree in this case, was rendered taking any- account, and without the intervention of a receiver; and, not only charged the appellant with all debts alleged to have been due to the firm, and with the whole joint stock, but left him as liable as ever f°r debts due by the firm, without allowing him any crecLit for such debts, or making any provision for their . , . , , . , . 1 ,. •, payment, or even leaving to him his ordinary security *335 in the implied lien on the stock; for that lien was destroyed by charging him with the stock. Now, for reasons already suggested, such a decree, even though it may, in other respects, be just, cannot be -sustained. The usual course was the proper course in this case: that is, to have an account; to appoint a receiver, unless the appellant should be deemed to have been a proper receiver; to see that all debts had been collected, and all paid, or provided for; to sell or divide the remaining stock; and then, and not before, to decree such abalance, in personam, as should appear to be justly due between the parties.
Fourth objection superseded by other points.
In a chancery cause between partners, the true state of the facts should be ascertained, in all respects, as far as practicable; and, to that end, a party may be compelled to disclose on oath any fact material to the case.
This view disposes of the third, as well as the second objection which has been urged to the decree.
Fourth. It is not now material to decide whether the amount decreed would be too much, if the Circuit Court had been right in assuming that no debts were due by the firm, and that all debts due to it had been collected by the appellant, or all evidence of their existence or amount destroyed by him, and that he had appropriated to his own exclusive use all the joint stock.
But it may not be improper to suggest that, had the 'hypothetical case assumed by the Circuit Judge, been the actual case as exhibited by the record, when properly •analysed and understood, the sum fixed by the decree would appear to have been but a little, if at all, too large. But even then, the data on which the decree is founded, are loose and indefinite, and scarcely sufficient to justify it. Something more specific would be desirable, and, if attainable, should be required; and that may 'be furnished by a proper and regular account, as far as such a thing is practicable; -and for that purpose, Story may, of course, be compelled, if necessary, to disclose on oath any facts which it may yet be -material to ascertain.
■Decree reversed, and cause remanded.